UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

LEE EARNEST WESLEY,

     Defendant.

_____/

Case No. 15-CR-20718

HON. MARK A. GOLDSMITH

## OPINION & ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 152)

Pending is Defendant Lee Earnest Wesley's motion for compassionate release under the First Step Act (FSA) 18 U.S.C. § 3582 et seq. (Dkt. 152). An earlier motion for compassionate release was denied. United States v. Wesley, No. 15-20718, 2020 WL 4199598, at *1 (E.D. Mich. July 22, 2020). The current motion meets the same fate.[1]

### I.    BACKGROUND

Wesley was sentenced on August 17, 2017, to 16 years' imprisonment after a jury found him guilty of conspiring to distribute and possessing with intent to distribute 3.7 kilograms of heroin and 987 grams of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A). Additional background is set out in the Court's earlier opinion denying Wesley's first motion for compassionate release.

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to Wesley's motion, the briefing includes the Government's response (Dkt. 156) and Wesley's reply brief (Dkt. 160). After the Court appointed counsel for Wesley, his attorney filed a supplemental brief (Dkt. 166) sealed exhibits (Dkt. 167); the Government responded (Dkt. 169).

## II.    ANALYSIS

The FSA provides for the compassionate release of federal prisoners, either by motion of the defendant or the United States Bureau of Prisons (BOP).  18 U.S.C. § 3582(c).[2]  Before granting a compassionate release motion, a district court must engage in a three-step inquiry: (i) the court must find that "extraordinary and compelling reasons warrant [a sentence] reduction"; (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."  United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  If all of those requirements are met, the district court "may reduce the term of imprisonment," but it need not do so.  18 U.S.C. § 3582(c)(1)(A).

### A.  Extraordinary and Compelling Circumstances

In his motion, Wesley argues that the following extraordinary and compelling circumstances justify his release: (i) his age and medical conditions; and (ii) taking care of his wife. Mot. at PageID.2495. He explains:

> I am the sole caregiver for my 79 year old wife Carolyn D. White.  She suffers from a number of age and medical related issues.  I am 77 years old and suffer from a variety of serious medical conditions including neutropenia and hypertension.  I have completed 50% of my sentence.  I am 100% disabled veteran [sic].  Please grant me this request so I can help my wife and support her in this most important time in our lives.  I ask the court for this motion with a sincere and deep apologies [sic] for any and all harm I have caused.

---

[2] Before an inmate moves for compassionate release under § 3582(c)(1), the inmate must either exhaust his or her administrative remedies with the BOP or wait 30 days from when the inmate filed a request with his or her warden.  18 U.S.C. § 3582(c)(1)(A); United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020).  Wesley's motion states that he exhausted his administrative remedies, Mot. at PageID.2494, which the Government does not dispute , Resp. at PageID.2515 (Dkt. 156).

Id. at PageID.2496. His supplemental brief adds an additional reason for his release, specifically, that he is rehabilitated. Supp'l Br. at PageID.2258. However, it does not further address his request for release on the basis that he act as a caregiver for his wife.

### 1. Age and Health-Based Arguments

Wesley argues that his advanced age and medical conditions present extraordinary and compelling reasons supporting his release. Mot. at PageID.2495–2496. In his supplemental brief, he explains that he is 78 years old, with deteriorating health and advanced age. Supp'l Br. at PageID.2557. He suffers from "Hypertension, Edema (swelling) of his lower extremities, and high cholesterol, [sic] He also suffers from reduced mobility and difficulty walking." Id.

Some of these medical conditions, such as his high blood pressure and high cholesterol, were facts that existed at the time of Wesley's sentencing. As the Sixth Circuit has explained, "§ 3582(c)(1)(A)'s text and structure, together with its narrow scope, show that identifying 'extraordinary and compelling reasons' is a task that focuses on post-sentencing factual developments." United States v. Hunter, 12 F.4th 555, 569 (6th Cir. 2021). These conditions that were present before sentencing do not qualify as an extraordinary and compelling reason for release. The Court, therefore, rejects these arguments as to the medical conditions that existed pre-sentencing.

The Sentencing Commission policy statement states that extraordinary and compelling reasons for release may exist where "[t]he defendant is—suffering from a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(i). It also provides that such circumstances can exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being

3

provided and without which the defendant is at risk of serious deterioration in health or death." Id. at (b)(1)(C).

Earlier in this case, the Government attached Wesley's sealed medical records, which establish that his health conditions were treated by BOP through multiple clinical encounters. BOP Health Records, PageID.2002–2081 (Dkt. 140-4). These records demonstrate extensive treatment for not only the medical conditions that existed at the time of sentencing, but also for edema in his lower extremities. See, e.g., id. at PageID.2041. Wesley has not shown that the BOP has failed to treat him for any of his conditions. Nor has he shown that he is unable to provide self-care or that he is not expected to recover from these conditions.

The Court, therefore, finds that Wesley failed to set forth extraordinary and compelling circumstances related to his age and his health concerns that were not present at the time of his sentencing.

### 2. Caregiver for his Wife

Wesley's motion argues that an extraordinary and compelling reason for his release is that he needs to act as a caregiver for his wife. The Sentencing Commission policy statement U.S.S.G. 1B1.13, identifies as an extraordinary and compelling reason for a sentence reduction as: "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13(b)(3)(B).

Wesley fails to establish facts that support the assertion that he needs to act as his wife's caregiver. He provided only minimal information about his wife, and has not established that she is "incapacitated." Where he does mention his wife in his motion, he argues that she would support Wesley and "that he can live with her if released." Mot. at PageID.2496. He says nothing about her

medical needs, incapacitation, or how she could be both his support on release and also need a caregiver.

Further, Wesley has not shown that he is the only caregiver for his wife.  Courts regularly deny motions for compassionate release when the defendant fails to show that they are the only available caretaker for their immediate family member.  See United States v. Cole, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021).  The Court, therefore, finds that care for Wesley's wife is not an extraordinary and compelling reason to justify compassionate release.

### 3.  Rehabilitation

Wesley's supplemental brief argues that his rehabilitation presents an extraordinary and compelling reason justifying his release.  The Sentencing Commission's policy statement provides:

> Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. 1B1.13(c).

The Sixth Circuit has also explained that "Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.' 28 U.S.C. § 994(t)." United States v. Hunter, 12 F.4th 555, 572 (6th Cir. 2021).  As discussed above, Wesley has not shown other circumstances that, in combination with his educational and rehabilitative activity, could provide an extraordinary and compelling reason for release.  Wesley's efforts at education and rehabilitation in prison, while commendable, do not present an extraordinary and compelling reason for release.

Because Wesley has not shown an extraordinary and compelling reason to reduce his sentence, the Court need not evaluate the § 3553(a) factors.  See United States v. Elias, 984 F.3d

516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III.     CONCLUSION

For the reasons stated above, Wesley's motion for compassionate release (Dkt. 152) is denied.

**SO ORDERED.**

Dated: April 15, 2026                                    s/Mark A. Goldsmith
Detroit, Michigan                                        MARK A. GOLDSMITH
                                                         United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager